UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WESELY L.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5472-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in finding that he did not meet a listing at step three, in discounting his subjective testimony and the lay testimony, in assessing the medical opinion evidence, and in relying on the vocational expert ("VE") testimony at step five. (Dkt. # 11 at 2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS this case for further administrative proceedings.

## II. BACKGROUND

Plaintiff was born in 1966, has an associate's degree, and previously worked as a laborer, machinist, and line cook. AR at 49-50, 307. At the time of the administrative hearing, Plaintiff

ORDER - 1

was working part-time as a line cook. *Id.* at 54-55.

In October 2015, Plaintiff applied for benefits, alleging disability as of July 1, 2007. AR at 270-82. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 153-68, 171-86. After the ALJ conducted a hearing on September 28, 2017 (*id.* at 39-87), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 16-30.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff worked since his application date, but the work did not rise to the level of substantial gainful activity.

Step two: Plaintiff's osteoarthritis, sciatica, obesity, hypertension, insomnia, chronic pain syndrome, major depressive disorder, and generalized anxiety disorder are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can perform light work with additional limitations: He cannot climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs. He can occasionally reach overhead. He cannot have concentrated exposure to hazards. He can perform simple, routine tasks. He can have occasional superficial interaction with co-workers and the general public, in places where the general public is typically not present. He can occasionally adapt to changes in the work setting or work processes.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 16-30.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 13.)

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Err at Step Three

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan*

*v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original; citations omitted). Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). A mere diagnosis does not suffice to establish disability. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). "[An impairment] must also have the *findings* shown in the Listing of that impairment." *Id*. at 1549-50 (quoting § 404.1525(d); emphasis added in *Key*). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan*, 493 U.S. at 530 (emphasis in original).

In order to meet Listing 1.04A, a claimant must show that he or she has a spine disorder resulting in compromise of a nerve root or the spinal cord, with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A. The ALJ found that Plaintiff had not met Listing 1.04A due to the lack of evidence that he experienced motor loss accompanied by sensory or reflex loss. *See* AR at 20; 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A. Plaintiff disagrees, citing various records that mention some, but not all, of the requirements of Listing 1.04A. (Dkt. # 11 at 4 (citing AR at 1311-12, 1937, 2154, 2169-70, 2183-84, 2186, 2376).)

These citations are insufficient, because it is the Commissioner's policy that in order to meet Listing 1.04A, the listing's criteria must be present simultaneously. *See* SSAR 15-1(4), 80 Fed. Reg. 57,418, 57,420 (Sep. 23, 2015); *Doran v. Colvin*, 2016 WL 6647665, at *4 (D. Ariz. Nov. 10, 2016). Plaintiff argues (dkt. # 13 at 2-3) that he nonetheless meets Listing 1.04A because an April 2016 examination mentions the simultaneous presence of all of the Listing 1.04A criteria (AR at 2183), which may be true, but that examination mentioned that Plaintiff's

symptoms had existed for only four days, and an examination one week later showed improvement and no motor loss. *Id*. at 2183-84. Two weeks after that, his condition continued to improve, and again, no motor loss was detected. *Id*. at 2185-86. Thus, the April 2016 examination relied upon by Plaintiff does not support his argument that he meets Listing 1.04A, given that the Commissioner requires that "the simultaneous presence of all of the medical criteria in [Listing 1.04A] must continue, or be expected to continue, for a continuous period of at least 12 months." *See* SSAR 15-1(4), 80 Fed. Reg. at 57,420. Because Plaintiff has not shown that he meets Listing 1.04A, he has not established error in the ALJ's step-three findings.

### B. The ALJ Did Not Harmfully Err in Discounting Plaintiff's Subjective Testimony

The ALJ discounted Plaintiff's subjective allegations as (1) inconsistent with the objective evidence and some medical opinions regarding his capabilities, (2) inconsistent with the evidence of functional improvement with treatment, (3) inconsistent with his limited treatment for mental health complaints, (4) inconsistent with his ability to work during the adjudicated period at a job more demanding than contemplated in the RFC assessment, and (5) inconsistent with his report that he stopped working in 2007 for reasons other than his impairments. AR at 22-26. Plaintiff argues that the ALJ's reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

#### 1. Medical Evidence & Improvement With Treatment

Plaintiff contends that although the ALJ found his allegations to be inconsistent with the objective medical evidence, the ALJ failed to identify actual inconsistencies. (Dkt. # 11 at 7-10.) The Court disagrees. The ALJ noted, for example, that Plaintiff alleged that his limitations continued to increase, yet one of his doctors opined that his functional limits were decreasing over time. AR at 23 (citing *id*. at 2191). The ALJ also noted that although Plaintiff reported

"excruciating pain, particularly with walking," the medical record showed that Plaintiff told his providers that medications improved his functionality and that he was observed to have a normal gait. *Id.* at 23 (citing *id.* at 2115, 2117, 2121, 2125). Plaintiff contends that his admission that his pain medications were helpful (*id.* at 70), which shows that the evidence cited by the ALJ was actually consistent with his testimony, and his specific testimony that he experienced short-lived improvement around the time of the examinations cited by the ALJ, were due to an injection. (Dkt. # 11 at 8.) That is true, but the ALJ went on to cite examination notes subsequent to the injection that showed only "brief, transient sign[s] of worsening" with less severe restrictions recommended than claimed by Plaintiff. AR at 23-24 (citing *id.* at 2181, 2183-86, 2192).

These records support the ALJ's finding that the record documents more functionality than claimed by Plaintiff. Although Plaintiff contends that his pain response may have been heightened due to his chronic pain syndrome and/or his obesity (dkt. # 11 at 9-10), the ALJ's findings focused on Plaintiff's retained *functionality* despite his continuing pain. AR at 23-24. While Plaintiff correctly notes that an ALJ cannot rely solely on lack of corroboration in the medical record to discount a claimant's testimony (dkt. # 11 at 10), the Court finds that the ALJ did not err in citing the objective medical record as one reason among many to discount Plaintiff's self-report. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

### 2. *Limited Mental Health Treatment*

Plaintiff argues that the ALJ erred in discounting his self-report based on limited mental health treatment, because the ALJ did not discuss the reasons Plaintiff provided at the hearing to

ORDER - 6

explain why he had not been able to obtain as much treatment as his condition warranted. He testified at the hearing that he did not get much treatment because he moved to a new area and needed to find a provider, and points out in his brief that he was discharged from treatment after his phone stopped working and providers could not contact him. (Dkt. # 11 at 4-5). At another point in Plaintiff's testimony, however, he explained that his move was 1.5 years earlier; in this context, an allegation that he was "still looking" for a new mental health provider after that length of time (AR at 45, 52) does not persuasively undermine the ALJ's reasonable inference that Plaintiff was "disengage[d]" from treatment. *Id*. at 25.

Plaintiff also points to treatment notes indicating that he was living in his car when he lived in Walla Walla (at the time of his most recent mental health treatment), and thus it must have been difficult for him to afford or access treatment, which undermines the ALJ's finding. (Dkt. # 11 at 5 (citing AR at 2218-21).) But as noted by the ALJ (AR at 25) and the Commissioner (dkt. # 12 at 5), the record contains evidence of Plaintiff seeking treatment for conditions that bothered him, even when he lived in Walla Walla, during the same time period when he was discharged from mental health therapy. *See, e.g.*, AR at 2179-93, 2332-83. In light of this evidence, Plaintiff has not shown that the ALJ unreasonably overlooked the circumstances under which he was discharged from therapy. Accordingly, the ALJ did not err in finding that Plaintiff's limited mental health treatment undermined his allegations of disabling mental symptoms. *See Molina*, 674 F.3d at 1113-14.

        3.     *Work Activities*

The ALJ noted that Plaintiff was working part-time as a cook at the time of the administrative hearing. AR at 25-26 (referring to *id*. at 54-57). The ALJ acknowledged Plaintiff's testimony about his limitations in performing this work and the accommodations he was given,

and found that the work he was performing exceeded limitations included in the ALJ's RFC and undermines his allegation that he is unable to work. *Id*. at 25-26.

Plaintiff contends that his ability to perform a medium-level job with accommodations on a part-time basis does not contradict any of his specific allegations. (Dkt. # 11 at 7.) But the ALJ found that Plaintiff's ability to "persist at this work with some degree of success is inconsistent with the degree of limitation he has asserted" (AR at 26), and this inference is reasonable in light of the inconsistencies between Plaintiff's current job and the limitations he alleged. *See* Dictionary of Occupational Titles 313.361-914, 1991 WL 672710 (Jan. 1, 2016) (definition of cook job); *Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992) ("She was able to hold two previous jobs with a fair amount of success, and even if those particular jobs are, as she claims, too taxing for her, the vocational counselor testified that she is qualified for thousands of less strenuous jobs.").

Finally, Plaintiff contends (dkt. # 11 at 7) that the ALJ erred in discrediting Plaintiff's self-report based on the lack of connection between his impairments and the reason why he stopped working in 2007. AR at 26. Even if this was error, it is harmless in light of the ALJ's other valid reasons. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

**C.    The ALJ Did Not Err in Assessing Lay Evidence**

Plaintiff's current employer, Donald Bishop, wrote a statement describing his work abilities, and the ALJ found that Mr. Bishop's description of Plaintiff's current job and accommodations did not show him to be more limited than found in the ALJ's RFC assessment. AR at 26, 294. The ALJ also found the restrictions described by Mr. Bishop to be inconsistent with the "largely unremarkable clinical signs" documented in the medical record. *Id*. at 26.

Although a lack of support in the medical record is not a germane reason to discount a lay statement, inconsistency with the medical record is indeed a germane reason. *See Bayliss*, 427 F.3d at 1218. As explained *supra* with respect to Plaintiff's testimony, the objective medical record contains findings contradicting Plaintiff's alleged limitations as well as the limitations described by Mr. Bishop. This reason adequately supports the ALJ's assessment of Mr. Bishop's statement, even if the ALJ erred in finding Mr. Bishop's statement to be consistent with the RFC assessment. *See Carmickle*, 533 F.3d at 1162-63.

**D.     The ALJ Erred in Assessing the Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of various medical opinions, each of which the Court will address in turn.

*1.     Legal Standards*

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

*2.     George Waring, M.D.*

The record contains a number of opinions written by Dr. Waring, a treating physician, in March-June 2016. AR at 2182-87, 2190-91. The ALJ described Dr. Waring's opinions as indicating that Plaintiff became less restricted over time, and the ALJ indicated that he gave the

"greatest weight" to Dr. Waring's most recent opinion, written in June 2016. *Id*. at 26. The ALJ also noted that at that time, Dr. Waring opined that he found Plaintiff's "overall work tolerance[]" to be "considerably higher" than Plaintiff believes. *Id*. (citing *id*. at 2191). The ALJ described Dr. Waring's June 2016 opinion as consistent with the RFC assessment, except that the ALJ excluded the need for an at-will position change between sitting and standing due to lack of objective support for that particular limitation. *Id*. at 26. The ALJ noted that even if that limitation had been included, the VE identified jobs that would have been consistent with that limitation. *Id*. at 27 (referencing *id*. at 76).

Plaintiff contends that the ALJ erred in purporting to credit Dr. Waring's June 2016 opinion but failing to account for Dr. Waring's opinion that Plaintiff would require a break of 10 minutes every hour if performing a light-duty job. (Dkt. # 11 at 12.) Plaintiff misrepresents Dr. Waring's June 2016 opinion: he found that Plaintiff must be able to change positions as needed, but if he returned to his line-cook job, he would need the opportunity to sit for "a period of time" every hour.³ AR at 2191. The ability to sit or stand at will envelops the need for time to sit every hour, and thus Plaintiff has not shown how Dr. Waring's credited June 2016 opinion is inconsistent with the jobs identified at step five.

//

//

//

---

³ In his reply brief, Plaintiff clarifies that the 10-minute break limitation was contained within an earlier opinion not credited by the ALJ. (Dkt. # 13 at 7.) Plaintiff argues for the first time in his reply brief that the ALJ erred in failing to specifically weigh the earlier opinions rendered by Dr. Waring. (Dkt. # 13 at 7.) This argument is unavailing, because the earlier short-term opinions rendered by Dr. Waring (including the May 2016 opinion that mentions Plaintiff's need for a 10-minute break every hour (AR at 2187)) were revised every few weeks, and thus do not satisfy the durational requirement. *See Carmickle*, 533 F.3d at 1165 (finding that the ALJ did not err in discounting opinions describing temporary restrictions).

ORDER - 10

### 3. David Hampson, M.D.

In April 2016, Dr. Hampson, a treating physician, opined that Plaintiff could not lift more than 20 pounds and was limited to bending less than 10% of a workday. AR at 2183. The ALJ did not address this opinion. The Commissioner argues that this error is harmless because Dr. Hampson's opinion is consistent with the RFC assessment. (Dkt. # 12 at 10-11.)

Indeed, the ALJ's RFC assessment limits Plaintiff to lifting a maximum of 20 pounds. AR at 21 (citing 20 C.F.R §§ 404.1567(b), 416.967(b)). But the ALJ's RFC assessment permits Plaintiff to stoop up to one-third of a day, which exceeds Dr. Hampson's opinion describing bending for no more than 10% of a day. The Commissioner did not address this aspect of Dr. Hampson's opinion when contending that it was consistent with the ALJ's RFC assessment. (Dkt. # 12 at 10-11.) Because the ALJ failed to address this opinion, the ALJ erred and must consider this opinion on remand.

### 4. Brent Packer, M.D.

Dr. Packer reviewed some of Plaintiff's records for DSHS and found that Plaintiff was restricted to sedentary work. AR at 1990-94. The ALJ gave no weight to this determination, noting that Dr. Packer's review was conducted before the adjudicated period, and thus did not account for Dr. Waring's 2016 opinions that were informed by a treatment relationship. AR at 27.

Opinions that predate the adjudicated period have limited value. *Carmickle*, 533 F.3d at 1165. Moreover, the ALJ pointed to subsequent evidence that contradicts Dr. Packer's conclusions, which is a valid reason to discount a non-examining physician's opinion. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) ("The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record.").

### 5. Alexander Patterson, Psy.D.

Dr. Patterson performed a consultative psychological examination of Plaintiff in March 2016. AR at 2163-67. The ALJ summarized Dr. Patterson's opinion, and explained that he gave "great weight" to it. AR at 27. Plaintiff contends that the ALJ erred in purporting to assign great weight to Dr. Packer's opinion, but failing to account for the moderate limitations he noted in Plaintiff's ability to maintain attendance, timeliness, and task completion. (Dkt. # 11 at 14-15.)

The ALJ explicitly discussed those limitations, however, and indicated that he accommodated them by limiting Plaintiff to low-stress work with no more than occasional, superficial interaction with co-workers and the public, and only occasional adaptation to changes in the work setting/processes. AR at 27. Plaintiff argues that the ALJ's RFC assessment inadequately accounts for the disputed limitations, but this bald assertion is only an alternative interpretation that does not establish error in the ALJ's RFC assessment. Accordingly, the Court finds no error in the ALJ's assessment of Dr. Patterson's opinion.

### 6. Jane Hayward, Psy.D.

Dr. Hayward examined Plaintiff in July 2015 and completed a DSHS form describing his symptoms and limitations. AR at 1985-89. The ALJ summarized Dr. Hayward's findings and indicated that he gave them "little weight," finding the opinion to be inconsistent with the longitudinal record and inconsistent with Dr. Hayward's own testing. *Id*. at 28. Specifically, the ALJ noted that although Dr. Hayward described Plaintiff's mood as dysphoric and his affect as blunted, she also described his speech as normal and average, and his attitude and behavior as cooperative. *Id*. at 28 (citing *id*. at 1988). The normal findings cited here by the ALJ are arguably inconsistent with Dr. Hayward's opinion that Plaintiff is markedly impaired in his ability to communicate and perform effectively at work. *See id*. at 1987.

The ALJ also noted that Dr. Hayward found Plaintiff's memory to be impaired, but found his concentration normal "with great effort." *Id*. at 28 (citing *id*. at 1989). This is inconsistent with Dr. Hayward's finding that Plaintiff had no limitations in his ability to remember simple *or* detailed tasks, or in his ability to perform activities within a schedule and be punctual. *Id*. at 1987.

Plaintiff argues that because Dr. Hayward's testing showed "abnormalities in a majority of tested categories[,]" the ALJ erred in finding her opinion to be inconsistent with her testing. (Dkt. # 11 at 15-16.) But Plaintiff has failed to show how the internal inconsistencies described above are not based on a reasonable interpretation of Dr. Hayward's opinion, and as such, they constitute a valid reason to discount the opinion. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ appropriately considers internal inconsistencies within and between physicians' reports).

### E.  The Court Need Not Address the ALJ's Step-Five Findings

As explained above, the ALJ must address Dr. Hampson's opinion on remand, which may result in modification of the ALJ's RFC assessment and findings at subsequent steps in the sequential evaluation. Accordingly, the Court need not address whether the ALJ erred at step five in the current decision.

//
//
/
//
//
//

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings. On remand, the ALJ shall address Dr. Hampson's opinion and reconsider any other portion of the decision as warranted.

Dated this 18th day of November, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge